# E. F. Bergen et al., Appellees, v. Chicago & Alton Railroad Company, Appellant.

COMMON CARRIERS—*how question of assent to limitations of liability determined.* Whether the terms of a special contract limiting the liability of the carrier are known by the consignor and assented to by him, is a question of fact for the jury.

Appeal from the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911.

Bergen v. C. & A. R. R. Co., 164 Ill. App. 66.

CHARLES NUSBAUM and ·EDWARD H. GOLDEN, for appellant.

THOMAS P. REEP, for appellees.

MR. JUSTICE FROST delivered the opinion of the court.

This is an action brought by appellees to recover damages alleged to have occurred in the delay of the delivery of three separate shipments of live-stock, the first shipment being of cattle and hogs to Chicago, December 28, 1909, the second of hogs to Peoria, September 8, 1910, and the third, one of cattle and sheep to Chicago, September 13, 1910. Upon a trial by jury a verdict was returned for $500 and judgment entered from which judgment this appeal is taken. Appellant contends that as to the first shipment no unreasonable delay occurred; that the delay was to some extent caused by appellees and that the delivery was as prompt as the weather conditions would permit; that as to the last two shipments, appellees had signed a shipping contract providing that no claim for damages by shipper should be allowed or sued for in any court, unless the claim was made in writing within five days from the time the stock was removed from cars, verified by affidavit and delivered to the proper parties, which it is admitted was not done. No defense is made by appellant as to the amount of damages claimed and shown to have accrued by reason of delay in the last two shipments or any claim that appellant had any defense thereto, except the failure to give the stipulated notices. The evidence discloses that the amount of damages suffered by appellees under the last two shipments equals the amount of the verdict, and we may therefore reasonably conclude that the jury found the issues for the defendant as to appellees' claim for damages under the shipment of December 28, 1909. We will first inquire as to the validity of appellant's de-

fense as to the last two shipments in virtue of the contracts signed by a member of appellees' firm. Whatever may be the rule in other jurisdictions, it is well settled in this state that whether the terms of a special agreement limiting the liability by the common carrier are known by the consignor and assented to by him, is a question of fact for the jury. Wabash Railway Co. v. Thomas, 222 Ill. 337.

Did appellees have such knowledge limiting them as to the time of making claim? Appellee, Thomas H. Bergen, who signed the contracts, testified that he did not know the contents of the contracts and was not acquainted with the provisions thereof; that he never read them nor ones like them, nor had his attention ever been called to them; that he signed the contracts under protest, acting under advice received from his attorney some years previous. In that he is disputed by the agent of the company. Whether appellees had knowledge of the contract provisions in question and assented thereto was a question of fact, and the jury under proper instructions as to the necessity of assent on the part of appellees to the provisions of the shipping contracts found against appellant.

We do not think the evidence or objections made to instructions, require us to disturb the judgment herein and the same will be affirmed.

*Affirmed.*